IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>$195,500.00 in funds seized from the Collin County Registry of the Court, for Cause Number 380-02928-11, *Orphan House Productions, LLC v. Hamilton Guaranty Capital, LLC et al.*,<br><br>    *Defendant in rem.* | Case No. 3:20-cv-2743-L-BT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

The District Court referred this civil action to the United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). For the following reasons, Plaintiff United States of America's (the "Government") Motion for Final Judgment of Forfeiture (ECF No. 11) should be GRANTED with respect to Defendant in rem $195,500.00 in funds seized from the Collin County Registry of the Court, for cause number 380-02928-11, *Orphan House Productions, LLC v. Hamilton Guaranty Capital, LLC et al.* (the "Defendant Property").

The Government filed its initial "Complaint for Forfeiture In Rem" on September 1, 2020, alleging that the Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) because it constitutes or is derived from proceeds traceable to "specified unlawful activity" as defined in 18 U.S.C.

1

§ 1956(c)(7). Compl. 1 (ECF No. 1). Specifically, the Government alleged that the Defendant Property constitutes or is derived from proceeds traceable to wire fraud and conspiracy to commit wire fraud in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 371, respectively. *Id.* Such offenses are considered "specified unlawful activity" under 18 U.S.C. § 1956(c)(7). *See* 18 U.S.C. §§ 981(a)(1)(C), 1956(c)(7). Therefore, the Government asserts that the Defendant Property is subject to forfeiture. *See* Compl.

On or about September 2, 2020, the Government served direct notice to potential claimants listed in the Complaint's certificate of service. Compl. 11; Mot. 2. Pursuant to Rule G(4)(a)(iv)(C), the Government published notice of this forfeiture action on an official government internet website (www.forfeiture.gov) for at least 30 consecutive days, beginning on September 4, 2020. Notice (ECF No. 8).

As of this recommendation's date, no known or unknown claimant has filed a verified claim, answer, or motion under Federal Rule of Civil Procedure 12 in this action within the time provided by law, and any potential claimant is in default. *See* Fed. R. Civ. P. 55(a). On December 10, 2020, the District Court Clerk entered a default against the Defendant Property. Entry of Default (ECF No. 10).

Here, the allegations set forth in the Complaint plead specific facts that show the Defendant Property is subject to civil forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) because it constitutes or is derived from proceeds traceable to wire fraud in violation of 18 U.S.C. § 1343, and conspiracy to commit wire fraud in

2

violation of 18 U.S.C. § 371. Compl. ¶¶ 9-36; *see also* 18 U.S.C. §1956(c)(7). Furthermore, the Government has properly published notice of the forfeiture action, and the time for any other person to file a claim has expired.

Accordingly, the District Court should GRANT Plaintiff's Motion for Final Judgment against the Defendant Property and order that against all possible claimants all right, title, and interest in the Defendant Property are forfeited to the Government pursuant to 18 U.S.C. § 981(a)(1)(C). Further, the District Court should order the United States Marshals Service to dispose of the Defendant Property accordingly.

**SO RECOMMENDED.**

March 10, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

3

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).